**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

FILED BY ___ D.C.
00 FEB -8 PM 4:26
CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA. MIA

BRUCE ROXBY,

Plaintiff,

vs.

SUN LIFE OF CANADA, SUN LIFE OF CANADA REINSURANCE COMPANY, SUN LIFE ASSURANCE COMPANY OF CANADA, and SUN LIFE OF CANADA (U.S.) DISTRIBUTORS, INC.

Defendants.

CASE NO. 00-6197 CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

**NOTICE OF REMOVAL**

**TO: THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE DIVISION**

Come now Defendants and respectfully notify this Court of the removal of the above-styled cause from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §1331, §1367, §1441, and 29 U.S.C. §1132, and says as follows:

I.

This action is being removed to federal court based upon federal question jurisdiction under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereafter "ERISA").

II.

Plaintiff filed in the state court, the above-entitled civil action, bearing Cause No. 99-015037 in the records and files of that Court.



III.

The aforesaid state court action is a suit of a wholly civil nature of which the United States District Court for the Southern District of Florida, Fort Lauderdale Division, has original jurisdiction under 28 U.S.C. §1331, §1367, and 29 U.S.C. §1132, and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441(b).

IV.

This Court has federal question jurisdiction over the action because Plaintiff, as a participant and/or beneficiary under an employee welfare benefit plan, seeks recovery of benefits under said employee benefit plan. The plan is controlled by ERISA:

a. At all times relevant hereto, plaintiff's employer established and/or maintained an employee welfare benefit plan and plaintiff was a participant and/or beneficiary under said employee welfare benefit plan;

b. The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . .";

c. The plan was established and is maintained for the purpose of providing, among other things, disability benefits for participants and/or beneficiaries of the plan;

d. The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

e. Plaintiff's claim is one for recovery of benefits under said employee welfare benefit plan; and

f. Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over

actions brought by participants, and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

V.

In addition, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution

VI.

This action is therefore one of which the United States District Court for the Southern District of Florida, Fort Lauderdale Division, has original federal question jurisdiction under 28 U.S.C. §1331 and 1441(b), as well as 29 U.S.C. §1132, and/or supplemental jurisdiction under 28 U.S.C. §1367 and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §§1441(b). Broward County, Florida is within the venue of the Fort Lauderdale Division of the United States District Court for the Southern District of Florida.

VII.

This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the initial pleading in which a removable claim is asserted, and is removable in that:

a. The time for filing this petition under 28 U.S.C. §1446 has not expired;

b. Plaintiff artfully crafted his pleading based wholly upon state law causes of action, claims and/or theories of recovery; and

c. In the companion cases of Metropolitan Life Insurance

Company v. Taylor, 481 U.S. 58 (1987), and Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987), the United States Supreme Court established that state law claims such as those asserted by plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. §1132, provides the plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering plaintiff's case, however pleaded, exclusively a federal question case removable to this Court;

d. To the extent any of plaintiff's claims are governed by state law, this Court has supplemental jurisdiction over such claims.

VIII.

Therefore, Defendants file this Notice of Removal of this action from the state court, in which it is now pending, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. There are attached to this notice, marked Exhibit "A" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendant in this action.

**WHEREFORE,** Defendant notifies this Court of the removal of this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Respectfully submitted,

for

MARK D. GREENBERG, ESQ.
Florida Bar No. 283959
Greenberg & Lagomasino, P.A.
799 Brickell Plaza, #700
Miami, Florida 33131
Tel. (305) 379-6600
Fax (305) 379-6612
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 8th day of February, 2000, to: Spencer A. Emison, Attorney for Plaintiff, 1999 S.W. 27 Avenue, Miami, Florida 33145.

MARK D. GREENBERG, ESQ.
Florida Bar No. 283959

F:\3431\Notice of Removal.wpd

B. Allen #268
1-31-00 1153Am
1/20

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 99-015037

BRUCE ROXBY,
Plaintiff,

vs.

SUN LIFE OF CANADA, SUN LIFE OF CANADA REINSURANCE COMPANY, SUN LIFE ASSURANCE COMPANY OF CANADA, and SUN LIFE OF CANADA (U.S.) DISTRIBUTORS, INC
Defendants.

SERV Name ______
Date ______
______
Print/Sign Name
Certified in The Circuit Court of ______ Judicial Circuit Cert # ______

COUNTYWIDE PROCESS SERVERS
PO BOX 154241
MIAMI FL 33115-4241
(305) 999-0987

SUMMONS And Comp

**THE STATE OF FLORIDA:**
**TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:**
**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Amended Complaint or Petition, in the above styled cause upon the Defendant:

**SUN LIFE OF CANADA (U.S.) DISTRIBUTORS, INC.**
**By serving registered agent: C T CORPORATION SYSTEM**
**1200 S. Pine Island Rd.**
**Plantation, Fl 33324**

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiffs' attorney, whose name and address is **SPENCER A. EMISON, ESQ., 1999 S.W. 27th Ave., Miami, Florida 33145, (305) 649-5060** within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of the Court on this ______ day of JAN 20 2000 ______.

Clerk of Circuit and County Courts
By:

(Court Seal)

GLORIA MILLE
DEPUTY CLERK

A TRUE COPY
Circuit Court Seal

EXHIBIT A

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 99015037 CACE 13

BRUCE ROXBY,

Plaintiff,

vs.

SUN LIFE OF CANADA, SUN LIFE OF CANADA REINSURANCE COMPANY, SUN LIFE ASSURANCE COMPANY OF CANADA, and SUN LIFE OF CANADA (U.S.) DISTRIBUTORS, INC.

Defendants.

_______________________________/

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, BRUCE ROXBY, sues Defendant, SUN LIFE OF CANADA, and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages which exceed FIFTEEN THOUSAND ($15,000.00) DOLLARS, and for declaratory relief pursuant to Florida Statute § 86.011.

2. Defendant is a disability insurance company doing business in Broward County, Florida.

3. Plaintiff at all times material hereto was an insured under a disability insurance policy issued by the Defendant in Broward County, Florida, policy number 96878. A complete copy of the insurance policy has not been provided to Plaintiff despite his requests to Defendant. However, attached hereto as Exhibit "A" is such portions of the policy as has been provided.

4. At all times material hereto, Defendant was obligated pursuant to the policy to provide long term disability benefits to the Plaintiff by reason of his long term total disability, as that term is defined in the policy.

5. Under the policy, Plaintiff is entitled to monthly benefits in the amount of $4,182.29.

6. In breach of its obligations under the policy, Defendant terminated Plaintiff's benefits, without notice, effective November 22, 1998.

7. In breach of its obligations under the policy, Defendant on October 1, 1998 recalculated and paid Plaintiff only 60% of his monthly basic earnings instead of the 70% required by the policy, and which Defendant had been paying for 5 years.

8. By its own terms, the policy is governed by Florida law since the application was signed in Broward County, Florida, and Defendant has thus waived the application and preemption of ERISA. See, Policy, Amendment No. 1, p. 20

9. Plaintiff has fulfilled all conditions precedent under the policy prior to filing suit.

## COUNT I

## BREACH OF CONTRACT

Plaintiff realleges and incorporates paragraphs 1 through 8 herein.

9. Defendant breached its duties to the Plaintiff under the policy as set forth in paragraphs 6 and 7.

10. Plaintiff has been damaged in the amount of the sum of the monthly benefits due and owing under the policy from November 22, 1998 to the present

WHEREFORE, Plaintiff BRUCE ROXBY demands judgment for damages against Defendant including co s nd attorneys fees pursuant to Florida Statute § 627.428, and Plaintiff demands trial by jury on all issues so triable.

**COUNT II**

**DECLARATORY RELIEF**

Plaintiff realleges and incorporates paragraphs 1 through 10 herein.

11. Plaintiff is in doubt about his rights and obligations under the policy.

12. Defendant has a present, actual and adverse interest in the subject matter of this action in that it will determine Defendant's obligations under the policy.

WHEREFORE, Plaintiff, BRUCE ROXBY, respectfully requests that the Court (1) enter a Declaratory Judgment determining that Defendant is obligated to pay long term disability benefits to Plaintiff, from as set forth herein, until benefits are exhausted under the policy, and (2) award the Plaintiff attorneys fees pursuant to Florida Statute § 627.428. Plaintiff demands trial by jury on all issues so triable.

SPENCER A. EMISON, P.A.
Attorneys for Plaintiff
1999 S.W. 27th Avenue
Miami, Florida 33145
(305) 860-1901

BY: [signature]
SPENCER A. EMISON
Florida Bar No. 0840947

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET 00-6197

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-ZLOCH

**I. (a) PLAINTIFFS**

BRUCE ROXBY

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

**DEFENDANTS**

SUN LIFE OF CANADA, SUN LIFE OF CANADA REINSURANCE COMPANY, SUN LIFE ASSURANCE COMPANY OF CANADA AND SUN LIFE OF CANADA (U.S.) DISTRIBUTORS, INC.

MAGISTRATE JUDGE SELTZER

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Broward | 00cv6197 | Zloch | Seltzer

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Spencer A. Emison, P.A., (305) 860-1901, 1999 S.W. 27 Ave., Miami FL 33145

ATTORNEYS (IF KNOWN)
Mark D. Greenberg, Esq., Greenberg & Lagomasino, P.A. (305) 379-6600, 799 Brickell Plaza, Suite 700, Miami FL 33131

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); B☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability

**A REAL PROPERTY**
☐ 210 Land Condemnation; B☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**A TORTS**
PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury
PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
B☐ 510 Motions to Vacate Sentence; HABEAS CORPUS: B☐ 530 General; A☐ 535 Death Penalty; B☐ 540 Mandamus & Other; B☐ 550 Civil Rights; B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
B☐ 610 Agriculture; B☐ 620 Other Food & Drug; B☐ 625 Drug Related Seizure of Property 21 USC 881; B☐ 630 Liquor Laws; B☐ 640 R.R. & Truck; B☐ 650 Airline Regs; B☐ 660 Occupational Safety/Health; B☐ 690 Other

**A LABOR**
☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; A☒ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**B SOCIAL SECURITY**
☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
A☐ 870 Taxes (U.S. Plaintiff or Defendant); A☐ 871 IRS - Third Party 26 USC 7609

**A OTHER STATUTES**
☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; B☐ 450 Commerce/ICC Rates/etc.; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes; ☐ 890 Other Statutory Actions A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff alleges entitlement to insurance benefits under an employee benefit plan governed by sec. 514 of ERISA, 29 U.S.C. 1144(a). See also, 28 U.S.C. 1332

LENGTH OF TRIAL via 1 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 — DEMAND $ — CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) (See instructions) IF ANY** JUDGE ______ DOCKET NUMBER ______

DATE 2/8/00 — SIGNATURE OF ATTORNEY OF RECORD: MARK D. GREENBERG, ESQ. Fla. Bar No: 283959 for

FOR OFFICE USE ONLY

$150.00 816666

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

02/08/00