IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6197-Civ-Zloch
Magistrate Judge Seltzer

BRUCE ROXBY, :

    Plaintiff, :

vs. :

SUN LIFE OF CANADA, SUN :
LIFE OF CANADA REINSURANCE
COMPANY, SUN LIFE ASSURANCE :
COMPANY OF CANADA, and SUN LIFE
OF CANADA (U.S.) DISTRIBUTORS, :
INC.,
                               :

    Defendants.
_____:

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Comes now defendant, Sun Life Assurance Company of Canada (incorrectly denominated as "Sun Life of Canada", "Sun Life of Canada Reinsurance Company" and "Sun Life of Canada (U.S.) Distributors, Inc."), by counsel, and for its Answer to plaintiff's Amended Complaint, states:

### GENERAL ALLEGATIONS

1.     Defendant denies the allegations of paragraph 1.

2.     Defendant admits that Sun Life Assurance Company of Canada is an insurance company licensed to do business in the State of Florida, but denies the remaining allegations of paragraph 2.

- 1 -

- 2 -

3. Defendant admits that plaintiff's employer established and/or maintained an employee disability program that provided disability benefits to eligible employees. Defendant further admits that disability benefits under the program were funded, at least in part, by a group policy of disability insurance issued by Sun Life Assurance Company of Canada to plaintiff's employer. Defendant denies the remaining allegations of paragraph 3.

4. Defendant admits that benefits are recoverable under the employee benefit plan pursuant to the terms of the policy issued by Sun Life Assurance Company of Canada, but denies the remaining allegations of paragraph 4.

5. Defendant denies the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

## COUNT I

## BREACH OF CONTRACT

Defendant incorporates by reference its responses to paragraphs 1-9 , inclusive.

9(a). Defendant denies the allegations of paragraph 9 of Count I.

10. Defendant denies the allegations of paragraph 10 of Count I.

**WHEREFORE,** defendant prays that plaintiff take nothing by his Complaint, for the costs of this action, for attorney fees, and all other just and proper relief.\

## COUNT II

## DECLARATORY RELIEF

Defendant incorporates by reference its responses to paragraphs 1-10 , inclusive.

11.     Defendant denies the allegations of paragraph 11.

12.     Defendant denies the allegations of paragraph 12.

13.     Any allegation not specifically admitted, controverted or denied previously in this Answer is now denied.

**WHEREFORE,** defendant prays that plaintiff take nothing by his Complaint, for the costs of this action, for attorney fees, and all other just and proper relief.

## AFFIRMATIVE DEFENSES

In further defense of this action, the Defendant pleads the following affirmative defenses and states:

### First Affirmative Defense

14.     Plaintiff's state law claims are preempted by ERISA.  Plaintiff's exclusive remedy, if any, is under ERISA.

### Second Affirmative Defense

15.     To the extent plaintiff seeks remedies beyond those permissible under ERISA's civil enforcement section, said remedies are not recoverable as a matter of law.

### Third Affirmative Defense

16.     Plaintiff's jury demand should be stricken because jury demands are not available under ERISA.

GREENBERG & LAGOMASINO, P.A. • 799 BRICKELL PLAZA • SUITE 700 • MIAMI FL 33131 • TEL. (305) 379-6600

### Fourth Affirmative Defense

17. Defendant's decision to deny plaintiff's claim for benefits was not arbitrary and capricious and/or was otherwise in accordance with the terms of the benefit plan.

### Fifth Affirmative Defense

18. Plaintiff is not entitled to recover benefits under the plan because, among other reasons, he failed to comply with the terms of the plan, which require him to submit to examinations when requested by Sun Life and to submit proof of his disability that is satisfactory to Sun Life.

19. Defendant reserves the right to amend this Answer and Affirmative Defenses as discovery and investigation continue.

Respectfully submitted,

GREENBERG & LAGOMASINO, P.A.
Attorneys for Defendant

By: _____ 0964456
Mark D. Greenberg, Esq.
Florida Bar No.: 283959
GREENBERG & LAGOMASINO, P.A.
799 Brickell Plaza, Suite 700
Miami, FL 33131
Ph:  305/379-6600
Fx:  305/379-6612

- 5 -

## CERTIFICATE OF SERVICE

I certify that on March 7, 2000, a true and complete copy of the foregoing was served via U.S. Mail on Spencer A. Emison, Esq., Spender A. Emison, P.A., 1999 S.W. 27th Avenue, Miami, FL 33145.

GREENBERG & LAGOMASINO, P.A.

By: _____
Mark D. Greenberg
Florida Bar No.: 283959

D:\library\2431\Pleadings\Answer to Amended Complaint.wpd