# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

BRUCE ROXBY,

        Plaintiff,

v.

SUN LIFE OF CANADA, SUN LIFE OF CANADA REINSURANCE COMPANY, SUN LIFE ASSURANCE COMPANY OF CANADA, and SUN LIFE OF CANADA (U.S.) DISTRIBUTORS, INC.,

        Defendants.

_____/

CASE NO. 00-6197-CIV-ZLOCH
Magistrate Judge Seltzer

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff leaves the material facts alleged by Sun Life uncontroverted. Plaintiff does not dispute that he was required to prove he is "totally disabled" from "any occupation," [Response, p. 3; R. 505]; that the Plan requires this proof to be "satisfactory to us" (Sun Life), [Response, p. 10; R. 487-88, 510]; that his own doctors consistently rated his disability as "Class 4" (a rating that authorizes light duty or sedentary work), [R. 193, 252, 310, 329, 373, 385, 460.]; that the independent Functional Capacity Evaluation ("FCE") concluded he could perform work of a medium or lesser physical capacity [Response, p. 4; R. 155.]; or that his own cardiologist agreed with the cardiovascular assessment of the FCE. [R. 100.]  Plaintiff also does not dispute that Sun Life had the right examine to examine him, [R. 488, 510]; that he willfully failed to appear for an examination scheduled by Sun Life, [Response, p. 8; R. 22-24, 32]; and that he refused vocational rehabilitation. [Response, p. 4; R. 404, 414.]  Finally, Plaintiff volunteers that his alleged cardiovascular condition is not the "crux" of his disability claim.



[Response, p. 16 n. 30.] These uncontroverted facts are devastating to Plaintiff's suit; to avoid them, he makes legal arguments that misstate the law and improperly go outside the record.

A.   THIS COURT'S REVIEW IS LIMITED TO A DETERMINATION OF WHETHER SUN LIFE'S DECISION WAS ARBITRARY AND CAPRICIOUS.

The Plan expressly imbues Sun Life with discretion to determine eligibility for benefits. To avoid summary judgment, it is Plaintiff's burden to show that Sun Life's decision was not only wrong, but that it was *unreasonable*.

The terms of the Plan require proof of claims that is "satisfactory to us" (Sun Life). The sole case in this Circuit to address the issue holds that this language confers discretion on Sun Life and triggers the arbitrary and capricious standard of review. Sorrells v. Sun Life Assurance Co. of Canada, 85 F.Supp. 2d 1221 (S.D. Ala. 2000) ("the only reasonable interpretation of these ... provisions is that defendant is granted discretion to review and evaluate a submitted claim"). This decision shows that the Plan language meets the requirement of Kirwan v. Marriott Corporation, 10 F.3d. 784 (11th Cir. 1994), in that the language expressly confers discretion to invoke the arbitrary and capacious standard of review.[1]

Herzberger v. Standard Ins. Co., 205 F.3d. 327 (7th Cir. 2000) and Donato v. Metropolitan Life, 19 F.3d 375 (7th Cir. 1994) also support Sun Life's position. Both Herzberger and Donato explicitly distinguish between plan language that requires "satisfactory proof"–an objective standard that does not confer discretion–and language that requires proof "satisfactory to us"–a subjective standard that expressly grants the requisite discretion, Herzberger at 331 ("In our Donato case ... the

---

[1] The Plan language in Kirwan was nothing like the relevant language of the Sun Life policy here. It conferred only managerial authority stating that the fiduciary "has authority to control and manage the operation and administration of the Plan." Kirwan, 10 F.3d at 788. Moreover, Kirwan mandates no particular language for the arbitrary and capricious standard to apply; it merely requires that it be express and unambiguous. Id.

2

entitlement to benefits was conditioned on submission of proof 'satisfactory to us' ... and we ruled that the 'to us' signaled the subjective, discretionary character of the judgment that was to be made"). These authorities make it clear that the Plan expressly imbues Sun Life with discretion.

Plaintiff's claim that a *de novo* standard of review applies because of an alleged conflict of interest has no merit. Where, as here, the insurer relies on the opinions of outside parties, any conflict is either vitiated, leaving no reason to alter the otherwise applicable deferential review standard, or greatly mitigated. Donato, 19 F.3d at 380 n.3 (insurer's conflict is vitiated by reliance on independent consultant); Hightshue v. AIG Life Ins. Co., 135 F.3d 1144, 1148 (7th Cir. 1998) (same); Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 234 (4th Cir. 1997) (insurer's conflict was "greatly mitigated by its substantial reliance on the evaluations of the independent Roundtable"). Plaintiff's opposition does not meet this point; instead, it attempts to obscure its force by arguing that the independent evaluation Sun Life relied on does not count. [Response, p. 2, 8].

Independent experts in physical therapy and rehabilitation conducted an FCE of Plaintiff's physical condition to assist Sun Life in deciding his claim. [R. 155-62.] This was appropriate because Plaintiff complained of a back injury. Plaintiff also claimed that he reached his maximum medical improvement in 1993. [R. 442.] Plaintiff took no medicine for this condition other than aspirin, [R. 77, 78, 100, 108, 113.], and received no therapy or other treatment from his physician for it. [Response, p. 4; R. 77-78, 108, 113, 193.] His disability was primarily a function of his capacity for physical movement, a question that the evaluators were more than competent to judge.

Plaintiff ignores ERISA cases in which the capacities of claimants have been evaluated through FCEs. See, e.g., Brooks v. Protective Life Ins. Co., 883 F. Supp. 632, 640 (M.D. Ala. 1995), aff'd., 77 F.3d 498 (11th Cir. 1996); Chadbert v. Provident Life & Acc. Co., 1994 WL 374213 (E.D. La.

1994). Plaintiff also ignores <u>Stephenson v. Provident Life & Accident Ins. Co.</u>, 1 F.Supp.2d 1326 (M.D. Ala. 1998) -- a case almost identical to this one -- in which the court granted the insurer's motion for summary judgment on grounds of failure to exhaust administrative remedies, because the claimant refused to undergo an FCE evaluation. Despite the objection that "[P]hysical therapists are not physicians and therefore [claimant] is not required to submit to an examination," the court entered judgment in favor of the insurer. The court did so even though the Social Security Administration had approved government disability benefits. <u>Id</u>. at 1328. <u>Stephenson</u> shows that the independent FCE evaluation should be given full weight and that it vitiates any purported conflict.

Plaintiff's argument that Sun Life ignored Dr. Perkins is a hazardous argument because the opinions of Plaintiff's treating doctors actually <u>support</u> Sun Life's conclusion that Plaintiff was not "totally disabled" from <u>any</u> occupation. They provide <u>another</u> independent source of evaluation negating any conflict. From the inception of his injury up to the denial of his claim, Plaintiff <u>never</u> received a disability rating from <u>any</u> of his physicians lower than Class 4. [R. 252, 310, 329, 373, 385, 460.] This rating meant that all his doctors judged Plaintiff capable -- at worst -- of light duty or sedentary labor. Such a rating disqualifies Plaintiff from continued benefits under the Plan.

Even the statements of Dr. Perkin's made in January and June of 1999 -- statements that were clearly tailored to assist Plaintiff's appeal and contradicted previous evaluations he had made -- did not classify Plaintiff as totally disabled from any occupation. [R. 77, 78.] Disregarding their contradictory character and taking them in the light most favorable to Plaintiff, Dr. Perkins' January and June 1999 notes show Plaintiff was capable of at least part-time work. [R. 77, 78.] This, too, disqualifies Plaintiff from continued benefits, as capacity for part-time work precludes a finding of total disability from "any occupation." <u>See</u>, <u>e.g.</u>, <u>Terry v. Bayer Corp</u>., 145 F.3d 28, 41 (1st Cir. 1998); <u>Cini v. Paul Revere Ins.</u>

4

Co., 50 F.Supp.2d 419, 424 (E.D.Pa. 1999). Finally, Dr. Perkins based his January and June statements on Plaintiff's alleged cardiovascular impairment, despite the fact that Plaintiff's own cardiologist opined it contributed only "minimally" to his disability. Now Plaintiff states that a cardiovascular condition is not the crux of his claim. [Response, p.16 n. 30.] This admission undermines Dr. Perkins' assessment, the very opinion that Plaintiff relies on to oppose Sun Life's motion for summary judgment.

Plaintiff's assertion that isolated remarks in the claim file establish a conflict of interest is also without merit. For five years Sun Life paid benefits under the more lenient definition of total disability as disability from one's "regular occupation." Throughout this time, Plaintiff had an obligation to show a continuing disability and Sun Life was entitled to regularly monitor the validity of his claim. During this period, Sun Life had good reason to believe that Plaintiff was not totally disabled from any occupation, due to the opinions of Plaintiff's own doctors. Because Plaintiff consistently refused vocational rehabilitation, Sun Life reasonably believed that his failure to pursue other work was a matter of personal preference, not his physical condition. Due diligence required Sun Life to monitor the claim and to carefully scrutinize Plaintiff's eligibility for continued benefits upon the expiration of the 60-month period and the change in definition. The statements show no conflict and the applicable standard of review is whether Sun Life's denial of Plaintiff's claim was arbitrary and capricious.

B.  THIS COURT'S REVIEW IS LIMITED TO THE FACTS BEFORE SUN LIFE AT THE TIME OF THE DECISION.

Because the record evidence so clearly supports Sun Life's decision to deny Plaintiff benefits, it is not surprising that he now attempts to go outside the record evidence to avoid summary judgment. [Response, pp. 8, 17 and Exhibit "T."] The proffered new material was not part of the record evidence before Sun Life at the time of its final decision and is not properly considered by the Court. Jett v. Blue Cross and Blue Shield of Alabama, 890 F.2d 1137, 1139 (11th Cir. 1989); Vega v. National Life Ins.

5

Services, Inc., 188 F.3d 287, 299 (5th Cir. 1999) ("the district court is precluded from receiving evidence to resolve disputed material facts – i.e., a fact the administrator relied on to resolve the merits of the claim itself").[2]

Because of the limited scope of review, Plaintiff's reference to the subsequent proceedings and decision of the Social Security Administration (more than a year after Sun Life's decision to deny benefits) is inappropriate. This information was never made available to Sun Life during the claim review process. Furthermore, neither a Social Security decision nor the rules that apply to the Social Security Administration are binding under ERISA. Jett, 890 F.2d at 1140;[3] Brooks, 883 F. Supp. at 638; Conley, 176 F.3d at 1049 ("We see no reason to import wholesale, into what is essentially a private-law area, special rules for reviewing the decisions of administrative agencies"). The Social Security Administration has authority to interpret federal statutory authority regarding entitlement to disability benefits. Sun Life, on the other hand, provides disability benefits only under the terms of the Plan issued to Plaintiff's employer. That plan imbues Sun Life with express discretion to determine eligibility for benefits. Allowing the Social Security Administration to override that discretion nullifies the private law character of employee welfare plans and contravenes ERISA's goal to encourage employers to adopt such welfare plans. Finally, there is nothing in the record to show what evidence was before the Social

---

[2] Moon v. American Home Assurance Co., 888 F.2d 86 (11th Cir. 1989) opens the possibility of going outside the record only when the standard of review is de novo. Id. at 89. Even then, there is a presumption against this practice unless there are compelling circumstances. Conley v. Pitney Bowes, 176 F.3d 1044, 1048 (8th Cir. 1999), cert. denied, 145 L.Ed.2d 930 (2000) (new evidence should not be considered "even in the case of de novo review unless there is good cause to depart from the general rule").

[3] Plaintiff cites Helms v. Monsanto Co., Inc., 728 F.2d 1416 (11th Cir. 1984) in support of his argument. Helms is not on point because it deals with plan interpretation, not a dispute in facts going to eligibility. Certainly, it does not authorize use of Social Security case principles to establish any rule regarding the weight of a treating physician's opinion. To the extent Plaintiff attempts to read it for this proposition, Helms has been superceded by Jett.

Security Adminstration or whether that decisionmaker had all of the evidence that was before Sun Life (such as the independent FCE concluding that Plaintiff was not totally disabled).[4] Under the applicable scope of review, the Social Security decision is inadmissible and may not be considered by this Court on summary judgment or otherwise. Donato, 19 F.3d at 380 (a federal court must limit its review of a fiduciary's denial of benefits to the evidence before the fiduciary at the time of the decision; although fiduciary was appraised of Social Security's decision to award benefits, fiduciary had no duty to consider a social security file later produced).

C. PLAINTIFF HAS FAILED TO SHOW THAT THE DENIAL WAS ARBITRARY AND CAPRICIOUS.

Sun Life's decision was reasonable because it was supported by substantial and compelling record evidence -- the independent Functional Capacity Assessment, [R. 153-62.], a Transferable Skills Analysis, [R. 136-9], the opinion of Sun Life's medical consultant, [R. 99.], and the evaluations of Plaintiff's own doctors, [R. 100, 252, 310, 329, 385, 460.], among other things. Plaintiff does not contravene the material facts supporting Sun Life's motion for summary judgment. To successfully oppose Sun Life's summary judgment motion, Plaintiff must demonstrate that there was no reasonsable basis for Sun Life's decision. Paramore v. Delta Airlines, Inc., 129 F.3d 1446, 1451 (11th Cir. 1997); Jett, 890 F.2d at 1139; Griffis v. Delta Family-Care Disability Plan, 723 F.2d 822, 825 (11th Cir.), cert. denied, 467 U.S. 1242 (1984) (fiduciary's decision "need not be the best possible decision, only one with a rational justification."). Anything short of this results in summary judgment for Sun Life. Plaintiff has not met this burden and Sun Life is entitled to summary judgment as a matter of law.

D. PLAINTIFF BREACHED THE PLAN BY FRUSTRATING SUN LIFE'S ABILITY TO CONDUCT A FULL AND FAIR REVIEW OF HIS CLAIM

---

[4] Plaintiff's bold statement that Social Security and Sun Life had the same evidence is completely unsubstantiated.

Plaintiff's argument that Sun Life failed to conduct a full and fair review of his claim is absurd, for it was Plaintiff's own breach of the Plan that obstructed Sun Life's efforts to gather independent information about his condition. As Stephenson, 1 F.Supp.2d 1326, shows, the willful failure to attend an FCE examination alone can justify summary judgment for the insurer under an ERISA plan.

Plaintiff concedes that the Plan expressly provides Sun Life with the right to have claimants examined. [R. 488, 510; Response, p. 18.] To give Plaintiff a second chance to establish eligibility, Sun Life scheduled another independent FCE. [R. 43.] The independent examination scheduler notified Plaintiff of the evaluation, but he willfully failed to appear, requiring Sun Life to pay a substantial no-show fee. [R. 22-4, 32.] Plaintiff does not dispute Sun Life's assertion that this failure was intentional. [Response, p. 8.] He asserts this was immaterial even though he did not notify Sun Life or the examiners in advance of his non-attendance, he did not state any objections to the evaluation, and he did not request alternate arrangements.

The Plan terms regarding examinations are not limited to medical doctors and clearly invest Sun Life with the discretion to determine the nature of the examinations to be conducted, their frequency, and the experts who should undertake them. [R. 488, 510.] The value of this examination right is clear, for a variety of experts might be enlisted to assist in judging the numerous and varied conditions that could provide a basis for disability. To agree with Plaintiff's argument is to conclude that a plan may never seek the independent expert opinions of physical therapists, psychologists, social workers, and the like. Nothing in the Plan or in the decisions construing ERISA support this claim; in fact just the opposite. ERISA decisions approve of FCEs conducted by physical therapists and similar professionals. See, e.g., Terry v. Bayer Corp., 145 F.3d at 41; Cini v. Paul Revere Ins. Co., 50 F.Supp.2d at 424.

Godfrey v. Bellsouth Telecommunications, Inc., 89 F.3d 755 (11th Cir. 1996) does not support Plaintiff. In Godfrey the claim administrator did not have the treating physician's notes and so did not

8

take them into account at all. Neither did the claim administrator have the claimant examined by anyone, physical therapist or physician. Sun Life, however, sought and reviewed the medical records of all of Plaintiff's physicians, including Dr. Perkins, and used their opinions, along with other evidence, to make its decision. Unlike the claim administrator in Godfrey, Sun Life went on to have Plaintiff examined by the FCE experts and was attempting to have him examined again to determine the validity of his claim. Given these factors and because Godfrey makes no statement whatsoever regarding the weight to be given a treating physician's opinion relative to other evidence, it is not relevant to Plaintiff's claim.

If a full and fair review of Plaintiff's claim was frustrated, it was a result of his own obstructionism. Plaintiff has never given an explanation for his behavior and at the time he failed to appear, Sun Life had no reason to believe that he would voluntarily appear for any independent evaluation of his condition, whether conducted by a physician or not. Stephenson, supra, establishes that a claimant's intentional refusal to attend an FCE alone can be grounds for summary judgment. Plaintiff's willful failure to appear for the FCE examination was a material breach of the Plan and justified the denial of his claim standing on its own. Taken with the substantial record evidence showing Plaintiff was not totally disabled from any occupation, it compels summary judgment for Sun Life.

CONCLUSION

For the reasons set forth herein and its principal brief, Defendant, Sun Life Assurance Company of Canada, is entitled to summary judgment.

MARK D. GREENBERG, ESQ.
Florida Bar No. 283959
Greenberg & Lagomasino, P.A.
799 Brickell Plaza, #700
Miami, Florida 33131
Tel. No. (305) 379-6600
Fax No. (305) 379-6612

9

and

Mark E. Schmidtke, Esq.
Indiana Bar No. 1733-45
Hoeppner Wagner & Evans LLP
103 E. Lincolnway
P.O. Box 2357
Valparaiso, IN 46384-2357
Phone: (219) 465-7368
Fax: (219) 464-1401
Attorneys for Defendants

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail on November *13*, 2000, to: JOHN P. MURRAY, ESQ., The Wagar Law Firm, 3250 Mary Street, Suite 207, Coconut Grove, Florida 33133.

Mark D. Greenberg, Esq.

F:\3431\Pleadings\Replymsj.wpd

10