

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

February 01, 2002

RE: 01-11728-DD    Bruce Roxby v. Sun Life of Canada
DC DKT NO.: 00-06197 CV-WJZ

TO:   Clarence Maddox

CC:   Mark Graham Hanson

CC:   Mark David Greenberg

CC:   Mark E. Schmidtke

CC:   John Pritchard Murray

CC:   Hon. Barry S. Seltzer

CC:   Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

February 01, 2002



Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 01-11728-DD   Bruce Roxby v. Sun Life of Canada
DC DKT NO.: 00-06197 CV-WJZ

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: two volumes

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
## For the Eleventh Circuit

No. 01-11728

District Court Docket No.
00-06197-CV-WJZ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Dec 20, 2001

THOMAS K. KAHN
CLERK

BRUCE ROXBY,

    Plaintiff-Appellant,

versus

SUN LIFE OF CANADA,
SUN LIFE ASSURANCE COMPANY
OF CANADA, LIFE OF CANADA (US)
DISTRIBUTORS, INC., LIFE OF
CANADA REINSURANCE COMPANY,

    Defendants-Appellees.

FILED by _____ D.C.

FEB - 5 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia



Appeal from the United States District Court
for the Southern District of Florida

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered:    December 20, 2001
For the Court:    Thomas K. Kahn, Clerk
    By:    McCombs, Elaine

ISSUED AS MANDATE
FEB 0 1 2002
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



No. 01-11728
Non-Argument Calendar

D. C. Docket No. 00-06197-CV-WJZ

BRUCE ROXBY,

Plaintiff-Appellant,

versus

SUN LIFE OF CANADA,
SUN LIFE ASSURANCE COMPANY
OF CANADA, et al.,



Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(December 20, 2001)

Before ANDERSON, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Bruce Roxby appeals the district court's grant of the Defendants' motion for

summary judgment. On appeal, Roxby argues that the district court improperly

granted the motion when issues of material facts remained as to whether he is totally disabled. He also argues that the court's alternative ground for granting the motion, that Roxby had breached the terms of the plan by not attending a medical examination required by the Defendants, was erroneous.

Bruce Roxby injured his neck and back at his job in 1993. At that time, he sought disability benefits from Defendants, who had issued Roxby's employer's group disability insurance policy. The policy awarded benefits for the first sixty months of disability if the employee could no longer perform the duties of his regular occupation. There was no question that Roxby's injuries prevented him from performing the duties of a mechanic, his occupation at the time of his injury. After the sixty months had passed, the policy awarded benefits only if the employee was prevented "from engaging in any occupation for which he is or becomes reasonably qualified by education, training or experience." The policy also provided for partial disability, should the insured be able to work on a part-time basis. Roxby qualified for the disability benefits during the first sixty months but the Defendants denied benefits under the post-sixty month definition. Roxby appealed to the Defendants and then filed this action when the Defendants denied his appeal.

The district court granted the Defendants' motion for summary judgment on two bases. First, the court found that Roxby had materially breached the insurance

contract when he did not attend the second Functional Capacity Evaluation ("FCE") set up by the Defendants. Second, the court, after determining that the heightened arbitrary and capricious standard of review applied, concluded that the Defendants' decision to deny total disability benefits was fully supported by the medical records. Specifically, none of the medical professionals who examined Roxby labeled him totally disabled, and the one who was most restrictive opined that Roxby might be able to work part-time.

The district court's grant of summary judgment is subject to plenary review, and we therefore apply the same legal standards as those controlling the district court. See Paramore v. Delta Air Lines, Inc., 129 F.3d 1446, 1449 (11th Cir. 1997). Because the policy gives the administrator discretion to determine eligibility for benefits, we must determine whether the administrator's decision was arbitrary and capricious. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948 (1989); Jett v. Blue Cross & Blue Shield of Ala., Inc., 890 F.2d 1137, 1138-39 (11th Cir.1989). Because Defendants pay out to beneficiaries from their own assets, however, a conflict of interest exists between its fiduciary role and its profit making role. Thus, the proper standard in this case is a heightened arbitrary and capricious standard. That is, the arbitrary and capricious standard "must be contextually tailored" to the case. Brown v. Blue Cross & Blue Shield of Ala., Inc., 898 F.2d 1556, 1563-64 (11th

3

Cir.1990) (citation and internal quotation marks omitted). "[A] wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected beneficiary or beneficiaries unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries." Id. at 1566-67. "It is fundamental that the fiduciary's interpretation first must be 'wrong' from the perspective of de novo review before a reviewing court is concerned with the self-interest of the fiduciary." Id. at 1566 n.12. Whether a claim decision is arbitrary and capricious requires a determination "whether there was a reasonable basis for [Defendants'] decision, based upon the facts as known to the administrator at the time the decision was made." Jett, 890 F.2d at 1139.

We agree with the district court that the Defendants' decision to deny benefits for total disability was supported by the medical records. As the court below noted, not one of the medical professionals found that Roxby was incapable of any work; in fact, all but one of them found him capable of full-time work and the one physician that did not think Roxby could work full-time thought that he might be able to work part-time. The ability to work part-time means that Roxby is not totally disabled. See Paramore v. Delta Air Lines, Inc., 129 F.3d 1446, 1452 (11th Cir. 1997). Like the policy at issue in Paramore, the policy here provides for partial disability benefits

4

where the insured can work in another occupation on a part-time basis.[1]

Because we conclude that the district court did not err when it found that the Defendants' denial of Roxby's total disability benefits was supported by the medical records, we affirm.[2]

**AFFIRMED.**[3]

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

[1] To the extent that Roxby challenges his ability to find "gainful" employment to replace his former profession, we reject his claim. This court has held that a claimant can show that he is totally disabled if he can show "physical inability to follow any occupation from which he could earn a reasonably substantial income rising to the dignity of an income or livelihood, even though the income is not as much as he earned before the disability." Helms v. Monsanto Co., 728 F.2d 1416, 1421-22 (11th Cir. 1984). Here, the jobs suggested by the vocational experts did not provide for the same remuneration that Roxby earned before the accident but they were hardly the "nominal" employment that the court in Helms rejected.

[2] We decline to reach the alternative holding of the district court. See In re Club Associates, 956 F.2d 1065, 1068 (11th Cir. 1994)(holding that the court only need address the issues that decide the case).

[3] Appellant's request for oral argument is denied.